IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MALACHI McADOO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-623-O-BP |
| | § | |
| **CITY OF FORT WORTH,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Malachi McAdoo ("Plaintiff") filed this civil case on July 3, 2024. ECF No. 1. On that same day, the case was preliminarily assigned to the undersigned under Special Order No. 3. ECF No. 2. On July 8, 2024, the Court ordered Plaintiff to amend his complaint to "set forth a short and plain statement consisting of plausible, non-conclusory factual allegations supporting each of his causes of action pursuant to Rules 8(a) and 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1 on or before July 29, 2024." ECF No. 4. After he did not amend his complaint by the deadline, the Court ordered Plaintiff to show cause on or before August 22, 2024, why he did not file an amended complaint and why the Court should not recommend dismissal of his case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with a court order. ECF No. 5. As of the date of this Order, Plaintiff has neither amended his complaint, nor shown cause why this case should not be dismissed.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Plaintiff did not comply with that order or file a pleading explaining why he did not do so. Absent compliance with the Court's orders, this case cannot proceed. Because nothing indicates Plaintiff's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on August 28, 2024.

                                                                        */s/ Hal R. Ray, Jr.*
                                                                         Hal R. Ray, Jr.
                                                                         UNITED STATES MAGISTRATE JUDGE